David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark St., 47th Fl.
Chicago, IL 60601
Tel: (312) 216-5179
Fax: (312) 275-7895

*ATTORNEYS FOR PLAINTIFF*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IVISIONMOBILE, INC., a California corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

**Class Action Complaint for Damages
and Injunctive Relief & Jury Demand**

# CLASS ACTION COMPLAINT

Plaintiff Cecilia Snyder brings this class action complaint against Defendant IvisionMobile, Inc. ("Ivision") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1.  In an effort to promote the auto repair services of its client, Express Lube, Defendant Ivision, a mobile marketing company, engaged in a pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.  By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has violated consumers' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3.  In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4.  On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.  Plaintiff is a resident of Nevada.

6.  Defendant IvisionMobile, Inc. is a California corporation with its principal

place of business in California. A mobile marketing company, Defendant does business throughout the United States, including in this District.

## JURISDICTION & VENUE

7. The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq*.

8. This Court has personal jurisdiction over the Defendant because Defendant does business in California and nationwide, Defendant is incorporated under the laws of California, and certain of the acts giving rise to the claims alleged herein were committed in California.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted from this District.

## INTRADISTRICT ASSIGNMENT

10. The conduct giving rise to the claim in this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose Division of the Northern District of California.

## COMMON ALLEGATIONS OF FACT

11. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their

owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14. Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless whether or not the message is authorized.

15. Over the course of an extended period beginning in 2013, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant's client, Express Lube, and its auto repair services.

16. For instance, on or about November 1, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

17. The "from" field of such transmission was identified cryptically as "55678," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendant. The body of such text message read:

> "Express Lube Sales & Service now has a rewards program. Discounts & Freebies. Show Text 10% Off any Auto Repair. Reply STOP to cancel msg&data rates may apply."

18. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

19. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam from Defendant.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories who were sent one or more unauthorized text message advertisements from Defendant.

21. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

22. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

25. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

26. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

  (a) Did Defendant and/or its agents send one or more text messages to the Class?

  (b) Did the text messages distributed by Defendant violate the TCPA?

  (c) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the test messages at issue?

  (d) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)**

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant made unsolicited commercial text calls, including the message in paragraph 17, to the wireless telephone numbers of Plaintiff and the other members of the Class.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

29. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

30. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class have had their privacy rights violated, have suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

31. Because Defendant had actual or constructive knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Cecilia Snyder, on behalf of herself and the Class, prays for the following relief:

  1. An order certifying the Class as defined above;

|  |  |  |
|---|---|---|
| | 2. | An award of actual and statutory damages; |
| | 3. | An injunction requiring Defendant to cease all wireless spam activities; |
| | 4. | An award of reasonable attorneys' fees and costs; and |
| | 5. | Such further and other relief the Court deems reasonable and just. |

Dated:  December 23, 2013                                         Respectfully submitted,

                                                                                        CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals

                                                                                        By: s/Suzanne Havens Beckman
                                                                                                One of Her Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark St., 47th Fl.
Chicago, IL 60601
Tel:  (312) 216-5179
Fax: (312) 275-7895

*Attorneys for Cecilia Snyder and the Putative Class*

7

**Class Action Complaint for Damages and Injunctive Relief & Jury Demand**

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  December 23, 2013                                         Respectfully submitted,

CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals

By: s/Suzanne Havens Beckman
      One of Her Attorneys

David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS, LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark St., 47th Fl.
Chicago, IL 60601
Tel:  (312) 216-5179
Fax: (312) 275-7895

*Attorneys for Cecilia Snyder*
*and the Putative Class*