David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark St., 47th Fl.
Chicago, IL 60601
Tel:  (312) 216-5179
Fax: (312) 275-7895

*ATTORNEYS FOR PLAINTIFF*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IVISIONMOBILE, INC., a California corporation,<br><br>Defendants. | Case No. 13-CV-05946-EJD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) Violation of 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Cecilia Snyder brings this class action complaint against Defendants IvisionMobile, Inc. ("Ivision") and Textopoly, Inc. ("Textopoly") to stop Defendants' practice of sending unsolicited text messages to so-called "recycled" cellular telephone

First Amended Class Action Complaint                                    13-CV-05946-EJD
for Damages and Injunctive Relief

numbers, and to obtain redress for all persons injured by their conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1. Defendants Ivision and Textopoly have for years caused unsolicited text message advertisements to be sent to subscribers of so-called "recycled" cellular telephone numbers, or phone numbers encumbered with service subscriptions, including text message advertisements, agreed to only by the previous owner of such phone number.

2. For instance, in one such effort to promote the auto repair services of their client, Nevada Lubes, LLC d/b/a Express Lube, Defendants, both mobile marketing companies, engaged in an invasive and unlawful form of marketing: the unauthorized transmission of advertisements in the form of "text message" advertisements to the cellular telephones of owners of recycled cellular telephone numbers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have violated consumers' privacy and statutory rights and have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff is a resident of Nevada.

7. Defendant IvisionMobile, Inc. is a California corporation with its principal place of business in California. A mobile marketing company, IvisionMobile does business throughout the United States, including in this District.

8. Defendant Textopoly, Inc. is a California corporation with its principal place of business in California. A mobile marketing company, Textopoly does business throughout the United States, including in this District.

**JURISDICTION & VENUE**

9. The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq*.

10. This Court has personal jurisdiction over the Defendants because Defendants do business in California and nationwide, Defendants are incorporated under the laws of California, and a substantial part of the conduct giving rise to the claim in this matter originated in California.

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted from this District.

**INTRADISTRICT ASSIGNMENT**

12. The conduct giving rise to the claim in this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose Division of the Northern District of California.

**COMMON ALLEGATIONS OF FACT**

13. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that

allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16.     Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless whether or not the message is authorized.

17.     Over the course of an extended period beginning in 2013 or earlier, Defendants and their agents directed the mass transmission of wireless spam to the recycled cellular telephone numbers of consumers nationwide on behalf of their clients, including Express Lube and its auto repair services.

18.     For instance, on or about November 1, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

19.      The "from" field of such transmission was identified cryptically as "55678," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendants.  The body of such text message read:

> "Express Lube Sales & Service now has a rewards program. Discounts & Freebies. Show Text 10% Off any Auto Repair. Reply STOP to cancel msg&data rates may apply."

20.     The use of an SMS short code by Defendants and their agents enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers, which included recycled cellular numbers.

21.     At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam from Defendants, and any consent provided to receive the

above-referenced message was provided only by the previous subscriber to Plaintiff's cellular telephone number.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories with a recycled cellular telephone number who were sent one or more unauthorized text message advertisements by Defendants.

23. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

24. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

25. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

27. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

1  members of the Class as a result of the transmission of the wireless spam alleged herein.
2  Plaintiff and the other Class members have all suffered harm and damages as a result of
3  Defendants' unlawful and wrongful conduct alleged herein.
4      28.    There are many questions of law and fact common to the claims of Plaintiff
5  and the other members of the Class, and those questions predominate over any questions that
6  may affect individual members of the Class.  Common questions for the Class include but are
7  not limited to the following:

    (a)    whether Defendants and/or their agents send one or more text messages to the recycled telephone numbers of the Class;

    (b)    whether the text messages distributed by Defendants violate the TCPA;

    (c)    whether Defendants and/or their agents use an automatic telephone dialing system to transmit the test messages at issue;

    (d)    whether the Class members entitled to treble damages based on the willfulness of Defendants' conduct; and

    (e)    whether Defendants should be enjoined from engaging in such conduct in the future.

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)**

    29.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

    30.    Defendants made unsolicited commercial text calls, including the message in paragraph 19, to the recycled wireless telephone numbers of Plaintiff and the other members of the Class.  Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

31.     These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

32.     Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

33.     Because Defendants had actual or constructive knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff Cecilia Snyder, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant to cease all wireless spam activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  April 15, 2014                                              Respectfully submitted,

CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals

By: s/Suzanne Havens Beckman
        One of Her Attorneys

David C. Parisi (SB #162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (SB #188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Ste. 100
Santa Monica, CA 90405
Tel: (818) 990-1299
Fax: (818) 501-7852

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark St., 47th Fl.
Chicago, IL 60601
Tel:  (312) 216-5179
Fax: (312) 275-7895

*Attorneys for Cecilia Snyder
and the Putative Class*