MARC H. KALLISH, #6231021 (admitted *pro hac vice*)
mkallish@freeborn.com
ERIC B. POWERS, #6300578 (admitted *pro hac vice*)
epowers@freeborn.com
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone:  (312) 360-6000
Facsimile:  (312) 360-6520

EDWARD C. DUCKERS (SB # 242113)
ecduckers@stoel.com
CARISSA M. BEECHAM (SB #254625)
cmbeecham@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

*Attorneys for Defendant IvisionMobile, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CECILIA SNYDER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>IVISIONMOBILE, INC., a California corporation,<br><br>Defendant. | Civil Action No. 13-CV-5946-EJD<br><br>**DEFENDANT IVISIONMOBILE'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant, IvisionMobile, Inc. ("IvisionMobile"), by and through its attorneys Freeborn & Peters LLP and Stoel Rives LLP, for its Answer to Plaintiff's First Amended Class Action Complaint, states as follows:

## NATURE OF THE CASE

1.      Defendants Ivision and Textopoly have for years caused unsolicited text message advertisements to be sent to subscribers of so-called "recycled" cellular telephone numbers, or phone numbers encumbered with service subscriptions, including text message advertisements, agreed to only by the previous owner of such phone number.

**ANSWER:**   IvisionMobile denies the allegations in Paragraph 1 that are directed at IvisionMobile. IvisionMobile lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1, and therefore denies them.

2.      For instance, in one such effort to promote the auto repair services of their client, Nevada Lubes, LLC d/b/a Express Lube, Defendants, both mobile marketing companies, engaged in an invasive and unlawful form of marketing: the unauthorized transmission of advertisements in the form of "text message" advertisements to the cellular telephones of owners of recycled cellular telephone numbers throughout the nation.

**ANSWER:**   IvisionMobile denies the allegations in Paragraph 2 that are directed at IvisionMobile. IvisionMobile lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2, and therefore denies them.

3.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have violated consumers' privacy and statutory rights and have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

**ANSWER:**   IvisionMobile denies the allegations in Paragraph 3.

4.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227") (the "TCPA"), which prohibits unsolicited voice and text calls to cell phones.

**ANSWER:** IvisionMobile admits that Plaintiff purports to bring a class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, but denies that Plaintiff's litigation is appropriate for class status, or that her claims are appropriately raised under the TCPA. IvisionMobile denies all remaining allegations in Paragraph 4.

5.      On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:** IvisionMobile admits that Plaintiff seeks an injunction and an award of statutory damages on behalf of an alleged class. IvisionMobile denies that Plaintiff is entitled to an injunction or an award of statutory or other damages, or that IvisionMobile has engaged in any "wireless spam activity."

## **PARTIES**

6.      Plaintiff is a resident of Nevada.

**ANSWER:** IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6, and therefore denies them.

7.      Defendant IvisionMobile, Inc. is a California corporation with its principal place of business in California. A mobile marketing company, IvisionMobile does business throughout the United States, including in this District.

1  **ANSWER:**  IvisionMobile admits that it is a California corporation with its principal place of business in California.  IvisionMobile further admits that it conducts business within the Northern District of California.  IvisionMobile denies all remaining allegations in Paragraph 7.

8.  Defendant Textopoly, Inc. is a California corporation with its principal place of business in California.  A mobile marketing company, Textopoly does business throughout the United States, including in this District.

**ANSWER:**  IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8, and therefore denies them.

## JURISDICTION & VENUE

9.  The Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the TCPA, 47 U.S.C. § 227, et seq.

**ANSWER:**  IvisionMobile admits that Plaintiff purports to bring a class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, but denies that the Court has federal question subject matter jurisdiction under 28 U.S.C. §1331.

10.  This Court has personal jurisdiction over the Defendants because Defendants do business in California and nationwide, Defendants are incorporated under the laws of California, and a substantial part of the conduct giving rise to the claim in this matter originated in California.

**ANSWER:**  IvisionMobile admits that it conducts business in California.  IvisionMobile denies all remaining allegations in Paragraph 10.

11.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as the text message calls at issue were transmitted from this District.

**ANSWER:**  IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11, and therefore denies them.

## INTRADISTRICT ASSIGNMENT

12. The conduct giving rise to the claim in this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose Division of the Northern District of California.

**ANSWER:** IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore denies them.

## COMMON ALLEGATIONS OF FACT

13. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

**ANSWER:** IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and therefore denies them.

14. One of the newer types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

**ANSWER:** IvisionMobile admits that "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to send and receive short text messages. IvisionMobile denies all remaining allegations in Paragraph 14.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular

telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

**ANSWER:** IvisionMobile admits that an "SMS message" is a text message call directed to a wireless device through the use of a telephone number associated with that device. IvisionMobile denies all remaining allegations in Paragraph 15.

16. Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless whether or not the message is authorized.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 16.

17. Over the course of an extended period beginning in 2013 or earlier, Defendants and their agents directed the mass transmission of wireless spam to the recycled cellular telephone numbers of consumers nationwide on behalf of their clients, including Express Lube and its auto repair services.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 17.

18. For instance, on or about November 1, 2013, Plaintiff's cell phone rang, indicating that a text call was being received.

**ANSWER:** IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and therefore denies them.

19. The "from" field of such transmission was identified cryptically as "55678," which is an abbreviated telephone number known as an SMS short code licensed and operated by Defendants. The body of such text message read:

1   "Express Lube Sales & Service now has a rewards program. Discounts & Freebies. Show
2       Text 10% Off any Auto Repair. Reply STOP to cancel msg&data rates may apply."

**ANSWER:** IvisionMobile lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore denies them.

20.   The use of an SMS short code by Defendants and their agents enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers, which included recycled cellular numbers.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 20.

21.   At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam from Defendants, and any consent provided to receive the above-referenced message was provided only by the previous subscriber to Plaintiff's cellular telephone number.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 21.

### CLASS ACTION ALLEGATIONS

22.   Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories with a recycled cellular telephone number who were sent one or more unauthorized text message advertisements by Defendants.

**ANSWER:** IvisionMobile admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2). IvisionMobile denies that Plaintiff has adequately demonstrated the prerequisites to class certification articulated in Federal Rule of Civil Procedure 23(a). IvisionMobile denies all remaining allegations in Paragraph 22.

23. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 23.

24. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 24.

25. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 25.

26. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 26.

27.     The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein.  Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct alleged herein.

**ANSWER:**   IvisionMobile denies the allegations in Paragraph 27.

28.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

    (a)  whether Defendants and/or their agents send one or more text messages to the recycled telephone numbers of the Class;

    (b)  whether the text messages distributed by Defendants violate the TCPA;

    (c)  whether Defendants and/or their agents use an automatic telephone dialing system to transmit the test messages at issue;

    (d)  whether the Class members entitled to treble damages based on the willfulness of Defendants' conduct; and

    (e)  whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:**   IvisionMobile denies the allegations in Paragraph 28.

### FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)**

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** IvisionMobile realleges and incorporates by reference each allegation set forth in paragraphs 1-28 as if fully set forth herein.

30. Defendants made unsolicited commercial text calls, including the message in paragraph 19, to the recycled wireless telephone numbers of Plaintiff and the other members of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 30.

31. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 31.

32. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 32.

33. Because Defendants had actual or constructive knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

**ANSWER:** IvisionMobile denies the allegations in Paragraph 33.

# AFFIRMATIVE DEFENSES

NOW COMES Defendant IvisionMobile, and for its affirmative defenses, alleges and states as follows:

1. Plaintiff's Complaint does not state a cause of action upon which relief can be granted.

2. Plaintiff consented to any and all text messages she received.

3. Any communication to Plaintiff's cellular telephone number was made pursuant to the voluntary communication of such number.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claimed remedies must be limited, or are not recoverable at all, to the extent that Plaintiff failed to mitigate her claimed losses or caused those losses herself.

6. Plaintiff's claims are barred in whole or in part due to estoppel, laches, and/or waiver.

7. All damages alleged in Plaintiff's Complaint are the result of the acts or omissions of parties other than IvisionMobile.

8. Plaintiff has failed to adequately demonstrate the prerequisites to class certification articulated in Federal Rule of Civil Procedure 23(a).

9. Upon completion of its investigation and discovery, Defendant reserves the right to file such additional defenses, counterclaims, cross-claims, and/or additional defendant complaints as may be appropriate.

WHEREFORE, Defendant IvisionMobile respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, award IvisionMobile its costs, and grant such other relief as is just.

DATED:  May 13, 2014                         Respectfully submitted,

IvisionMobile, Inc.,

By: /s/ Marc H. Kallish

One of Its Attorneys

MARC H. KALLISH, #6231021 (admitted *pro hac vice*)
mkallish@freeborn.com
ERIC B. POWERS, #6300578 (admitted *pro hac vice*)
epowers@freeborn.com
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone:  (312) 360-6000
Facsimile:  (312) 360-6520

EDWARD C. DUCKERS (SB # 242113)
ecduckers@stoel.com
CARISSA M. BEECHAM (SB #254625)
cmbeecham@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

Attorneys for Defendant
IvisionMobile, Inc.