1   CARLSON & JAYAKUMAR LLP
      Jehan N. Jayakumar, State Bar No. 224148
2   2424 S. E. Bristol, Suite 300
    Newport Beach, California  92660
3   Telephone:  (949) 222-2008
    Facsimile:   (949) 222-2012
4   E-Mail: jehan@cjattorneys.com

5

    Attorneys for Defendant Textopoly, Inc.
6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION
10

11   CECILIA SNYDER, individually and on    )   Civil Action No.: 13-CV-5946-EJD
     behalf of a class of similarly situated )
12   individuals,                            )
                                             )   **DEFENDANT TEXTOPOLY,**
13            Plaintiff,                      )   **INC.'S ANSWER TO**
                                             )   **PLAINTIFF'S FIRST AMENDED**
14        vs.                                )   **CLASS ACTION COMPLAINT**
                                             )
15                                           )
     IVISIONMOBILE, INC., a California       )
16   corporation; TEXTOPOLY, INC., a         )
     California corporation,                 )
17                                           )
              Defendants.                     )
18                                           )
                                             )
19   _____)

20

21

22

23

24

25

26

27

28

                                        DEFENDANT TEXTOPOLY, INC.'S ANSWER
                                        TO PLAINTIFF'S FIRST AMENDED CLASS
                                        ACTION COMPLAINT

Defendant Textopoly, Inc. ("Textopoly"), by and through its attorneys Carlson and Jayakumar LLP, in answering Plaintiff's First Amended Class Action Complaint ("FAC"), herein admits, denies, and alleges as follows:

## NATURE OF THE CASE

1.     Referring to Paragraph 1 of the FAC, Textopoly denies the allegations in Paragraph 1 that are directed at Textopoly. Textopoly lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1, and therefore denies them.

2.     Referring to Paragraph 2 of the FAC, Textopoly denies the allegations in Paragraph 2 that are directed at Textopoly. Textopoly lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2, and therefore denies them.

3.     Referring to Paragraph 3 of the FAC, Textopoly denies the allegations in Paragraph 3 that are directed at Textopoly.

4.     Referring to Paragraph 4 of the FAC, Textopoly admits that Plaintiff purports to bring a class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq.,* but denies that Plaintiff's litigation is appropriate for class status, or that her claims are appropriately raised under the TCPA. Textopoly denies all remaining allegations in Paragraph 4.

5.     Referring to Paragraph 5 of the FAC, Textopoly admits that Plaintiff seeks an injunction and an award of statutory damages on behalf of an alleged class. Textopoly denies that Plaintiff is entitled to an injunction or an award of statutory or other damages, or that Textopoly has engaged in any "wireless spam activity."

## PARTIES

6.     Referring to Paragraph 6 of the FAC, Textopoly lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore denies them.

7.     Referring to Paragraph 7 of the FAC, Textopoly lacks sufficient

DEFENDANT TEXTOPOLY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT

knowledge or information to admit or deny the allegations set forth therein, and therefore denies them.

8.     Referring to Paragraph 8 of the FAC, Textopoly admits that it is a California corporation with is principal place of business in California. Textopoly further admits that it conducts business within the Northern District of California. Textopoly denies all remaining allegations in Paragraph 8.

### JURISDICTION & VENUE

9.     Referring to Paragraph 9 of the FAC, Textopoly admits that Plaintiff purports to bring a class action lawsuit pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.,* but denies that the Court has federal question subject matter jurisdiction under 28 U.S.C. §1331.

10.     Referring to Paragraph 10 of the FAC, Textopoly admits that it conducts business in California. Textopoly lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10, and denies them.

11.     Referring to Paragraph 11 of the FAC, Textopoly lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore denies them.

### INTRADISTRICT ASSIGNMENT

12.     Referring to Paragraph 12 of the FAC, Textopoly lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore denies them.

### COMMON ALLEGATIONS OF FACT

13.     Referring to Paragraph 13 of the FAC, Textopoly lacks sufficient knowledge or information to admit or deny the allegations set forth therein, and therefore denies them.

14.     Referring to Paragraph 14 of the FAC Textopoly admits that "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to send and receive short text messages. Textopoly denies all remaining

1  allegations in Paragraph 14.

2      15.    Referring to Paragraph 15 of the FAC, Textopoly admits that an "SMS

3  message" is a text message call directed to a wireless device through the use of a

4  telephone number associated with that device. Textopoly denies all remaining

5  allegations in Paragraph 15.

6      16.    Referring to Paragraph 16 of the FAC Textopoly denies the allegations

7  set forth therein.

8      17.    Referring to Paragraph 17 of the FAC, Textopoly denies the allegations

9  set forth therein.

10     18.    Referring to Paragraph 18 of the FAC, Textopoly lacks sufficient

11 knowledge or information to admit or deny the remaining allegations set forth

12 therein, and therefore denies them.

13     19.    Referring to Paragraph 19 of the FAC, Textopoly lacks sufficient

14 knowledge or information to admit or deny the remaining allegations in Paragraph

15 19, and therefore denies them.

16     20.    Referring to Paragraph 20 of the FAC, Textopoly denies the allegations

17 set forth therein.

18     21.    Referring to Paragraph 21 of the FAC, Textopoly denies the allegations

19 set forth therein.

20                           **<u>CLASS ACTION ALLEGATIONS</u>**

21     22.    Referring to Paragraph 22 of the FAC, Textopoly admits that the

22 Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure

23 23(b)(2). Textopoly denies that Plaintiff has adequately demonstrated the

24 prerequisites to class certification articulated in Federal Rule of Civil Procedure

25 23(b)(2). Textopoly denies all remaining allegations in Paragraph 22.

26     23.    Referring to Paragraph 23 of the FAC, Textopoly denies the allegations

27 set forth therein.

28

DEFENDANT TEXTOPOLY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT

24.     Referring to Paragraph 24 of the FAC, Textopoly denies the allegations set forth therein.

25.     Referring to Paragraph 25 of the FAC, Textopoly denies the allegations set forth therein.

26.     Referring to Paragraph 26 of the FAC, Textopoly denies the allegations set forth therein.

27.     Referring to Paragraph 27 of the FAC, Textopoly denies the allegations set forth therein.

28.     Referring to Paragraph 28 of the FAC, Textopoly denies the allegations set forth therein.

## FIRST CAUSE OF ACTION

### (Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)

29.     Referring to Paragraph 29 of the FAC, Textopoly re-alleges and incorporates by reference each allegation set forth in paragraphs 1 through 28 as if fully set forth herein.

30.     Referring to Paragraph 30 of the FAC, Textopoly denies the allegations set forth therein.

31.     Referring to Paragraph 31 of the FAC, Textopoly denies the allegations set forth therein.

32.     Referring to Paragraph 32 of the FAC, Textopoly denies the allegations set forth therein.

33.     Referring to Paragraph 33 of the FAC, Textopoly denies the allegations in Paragraph 33.

## PRAYER FOR RELIEF

Textopoly denies that Plaintiff is entitled to the relief requested in her Prayer. Specifically, Textopoly denies that it has engaged in any act or omission subjecting it to liability to Plaintiff or the proposed class.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the separate and additional defenses set forth below, Textopoly does not admit any liability or admit that Plaintiff is entitled to any relief whatsoever.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1.      Plaintiff's Complaint does not state a cause of action upon which relief can be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2.      Plaintiff consented to any and all text messages she received.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3.      Textopoly alleges that the doctrine of laches bars any relief, in whole or in part, to Plaintiff and the proposed class.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.      Any communication to Plaintiff's cellular telephone number was made pursuant to the voluntary communication of such number.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.      Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.      All damages alleged in Plaintiff's FAC are the result of the acts or omissions of parties other than Textopoly.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.      Plaintiff has failed to adequately demonstrate the prerequisites to class certification articulated in Federal Rule of Civil Procedure 23(a).

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.      The disparity between the alleged harm suffered by Plaintiff and the damages sought render the damages unconstitutional under *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America Ins. v. Gore*, 517 U.S. 559 (1996).

DEFENDANT TEXTOPOLY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.  Textopoly alleges that the doctrine of waiver bars any relief, in whole or in part, to Plaintiff and the proposed class.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.  Textopoly alleges that the doctrine of unclean hands bars any relief, in whole or in part, to Plaintiff and the proposed class.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.  Textopoly alleges that the doctrine of estoppel bars any relief, in whole or in part, to Plaintiff and the proposed class.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.  Plaintiff's claims in the FAC are barred in whole or in part because the Complaint is uncertain in that the allegations are ambiguous and conclusory.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.  Textopoly is not liable for alleged damages because, if any person engaged in intentional, willful, or unlawful conduct as alleged in the FAC, she or he did so without the knowledge, authorization, or ratification of Textopoly.

WHEREFORE, Defendant Textopoly, Inc. respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, award Textopoly its costs, and grant such other relief as is just.

Dated:  June 9, 2014          CARLSON & JAYAKUMAR LLP


By: /s/ Jehan N. Jayakumar
Jehan N. Jayakumar
Attorney for Defendant Textopoly, Inc.

DEFENDANT TEXTOPOLY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT

**CERTIFICATE OF SERVICE**

1

2          The undersigned hereby certifies that all counsel of record who have consented to electronic

3   service were served with a copy of the following document via the Northern District of California

4   CM/ ECF system on June 9, 2014:

5          **DEFENDANT TEXTOPOLY, INC.'S ANSWER TO PLAINTIFF'S**
           **FIRST AMENDED CLASS ACTION COMPLAINT**
6

7

8

9                              /s/ Jehan N. Jayakumar

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TEXTOPOLY, INC.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT